BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTION LIABILITY LITIGATION | MDL No. 2997 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF SHELBY BAKER TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407 TO THE EASTERN DISTRICT OF NEW YORK FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

Plaintiff Shelby Baker, by and through her undersigned counsel, hereby submits her Interested Party response respectfully requesting an order from this Honorable Panel pursuant to 28 U.S.C. §1407 to transfer the Baby Food Actions (hereinafter, the "Actions") to the Eastern District of New York for coordination or consolidation of pretrial proceedings.

## I. INTRODUCTION AND BACKGROUND

According to the JPML docket, there are 57 related cases against Defendants pending in 14 different federal district courts. Plaintiff Shelby Baker filed her lawsuit in the United States District Court for the Eastern District of California. On March 8, 2021, Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose (collectively "Albano Plaintiffs") filed a motion pursuant to 28 U.S.C. § 1407 seeking to transfer and consolidate numerous lawsuits pending in federal courts across the country arising from Defendants' marketing and sales of baby food sold throughout the United States (the "Motion").

As discussed here and in the Motion, all of the actions assert nearly identical factual allegations and legal claims, present similar legal issues, and assert a common core of facts, in

1

that each "(i) alleges that Defendants' baby food products tested for harmful heavy metals; (ii) alleges that Defendants' food labeling was false and misleading and failed to disclose material facts; (iii) asserts economic injuries arising from Defendants' wrongful conduct; and (iv) seeks monetary and equitable relief." *See*, Motion, MDL Dkt. 1-1, p. 3.  Since all of the Actions involve common questions of fact and law, consolidation in a single district will promote judicial efficiency, and will avoid the risk of inconsistent judgments.  For the reasons stated below, Plaintiff Shelby Baker supports transfer and consolidation of all Actions in the Eastern District of New York.

## II. TRANSFER OF THE RELATED ACTIONS TO A SINGLE FORUM IS APPROPRIATE

The principal goal of 28 U.S.C. § 1407 is to conserve judicial resources, promote efficient management of litigation, and avoid inconsistent pretrial rulings.

28 U.S.C. § 1407(a) provides, in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on the multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The Actions are especially amenable for MDL treatment because of the substantial commonality of factual and legal questions presented in the individual cases at issue and the strong potential for the preservation of judicial resources that MDL treatment will afford.  *In re S. Pac. Transp. Co. Emp't Prac. Litig.*, 429 F. Supp. 529, 531 (J.P.M.L. 1977); *see also In re Actos Prods. Liab. Litig.*, 840 F. Supp. 2d 1356 (J.P.M.L. 2011) (same).

The fundamental purpose of an MDL is to ensure that issues common to related cases are addressed expeditiously and consistently.  28 U.S.C. §1407; *see also In re Meridia Prods. Liab. Litig.,* 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002); *In re Dow Chem. Co. Sarabond Prods. Liab.*

2

*Litig.,* 650 F. Supp. 187, 189 (J.P.M.L. 1986).  Invariably, when related cases are pending in numerous districts, different judges will be asked to address similar pretrial matters and to resolve similar pretrial motions.  *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349 (J.P.M.L. 2006).  This creates a risk of unnecessary duplication of effort and inconsistent rulings.  *Id.  See, e.g., Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D. Cal. 1997); *Good v. Prudential Ins. Co. of America,* 5 F.Supp.2d 804, 809 (N.D. Cal. 1998).  Where, as here, multiple actions share common issues of fact, the transfer for pretrial coordination or consolidation in a single district is appropriate.

      A.     **The Actions Share Common Issues of Fact**

All of the actions share predominant questions of fact related to the baby food's design, marketing, and warnings.  Common questions of fact exist where two or more complaints assert comparable allegations against similar defendants based on similar transactions and events.  *See, e.g.*, *In Re UnumProvident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003) (centralization was appropriate where "all actions [could] be expected to focus on a significant number of common events, defendants, and/or witnesses" and "core factual allegations" were consistent among the actions); *In re Japanese Elec. Prods. Antitrust Litig.,* 388 F. Supp. 565, 567 (J.P.M.L. 1975) ("Transfer under § 1407 is not dependent on a strict identity of issues and parties but rather on the existence of one or more common questions of fact.").

The requirement that the cases sought to be transferred share common issues of fact is readily satisfied.  All of the Actions commonly allege that the baby foods are inherently unsafe because they expose consumers to heightened levels of toxic heavy metals, including lead, arsenic, cadmium, and/or mercury, and that the Defendants failed to warn consumers of the presence of heightened levels of heavy metals.

3

All of the Actions rely on the same or similar evidence to support the common claims that the heightened levels of heavy metals in the baby foods increase the risk for cancer and serious and often irreversible damage to brain development as well as other serious health problems. All of the Actions also allege that Defendants were aware of the inherently dangerous nature of the baby foods, yet failed to take remedial measures or properly warn consumers about the risks, that the advertising and marketing for the baby foods was false and misleading, and that Defendants breached various duties to the putative classes and express and implied warranties. Finally, all of the Actions seek to certify nationwide classes of consumers who purchased Defendants' baby food, and seek similar relief, including actual damages, statutory damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees and costs.

**B.     Transfer Would Advance the Just and Efficient Conduct of the Actions**

Consolidation or coordination of the related actions will promote the just and efficient conduct of the Actions as each case will likely involve the same pretrial issues. It will eliminate the likelihood of duplicative proceedings that might result in inconsistent rulings, and it will prevent judicial resources from being wasted needlessly. *See In re Vioxx Pod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues … and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."); *In re Comm'l Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (stating that consolidation of cases filed nationwide would prevent inconsistent rulings); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995)

(concluding that consolidation was necessary to eliminate inconsistent pretrial rulings). Further, centralization in class action cases is especially important because it ensures that there is consistent treatment of class action issues. *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977). Here, all of the Actions seek to certify the same class—a nationwide class of purchasers of Defendants' baby food. Coordination here will prevent conflicting class action determinations.

Transfer for coordination or consolidation will also prevent duplicative discovery. As a result of the common allegations and issues of fact, the actions will necessarily involve duplicative discovery relating to, for example, the formulation and manufacturing of the baby foods, the suitability of the foods for infants, sales of the foods, consumer use of and complaints regarding the foods, and Defendants' advertising and marketing of the foods. Centralization of the actions before a single court will allow an experienced federal judge well-versed in complex litigation to formulate a pretrial discovery program to avoid unnecessary duplication of discovery efforts, thus conserving significant resources. Accordingly, consolidation or coordination is appropriate here.

   **C.** **Transfer Would Serve the Convenience of the Parties and Witnesses**

Consolidation or coordination of the related actions will serve the convenience of both the parties and witnesses. Discovery from Defendants in all of these actions will involve the same testimony, documentary evidence, and experts. As discussed above, consolidation of these actions will avoid duplicative, redundant, and costly discovery proceedings. It will also avoid repetitive motion practice, potentially conflicting discovery rulings, and potentially conflicting pretrial rulings. *See, e.g.*, *In re Seroquel Prod. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) (transferring cases to a single district because it would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation"); *In re*

*European Rail Pass Antitrust Litig.*, 2001 WL 587855, at *1 (J.P.M.L. Feb. 7, 2001) (same); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995) (same).

### D. The Eastern District of New York is the Most Appropriate Transferee Forum

First, of the 57 related Actions reflected on the JPML docket, 17 are currently pending in the Eastern District of New York.  Additionally, 2 cases were filed in the Eastern District of New York that have not yet been related, bringing the total to at least **19 Actions currently pending in the Eastern District of New York**.  The high number of Actions pending in the Eastern District of New York supports transfer to that district.  *E.g., In re Koratron*, 302 F.Supp. at 243; *In re: Nat'l Arbitration Forum*, 682 F.Supp.2d at 1346; *In re Treasury Sec. Auction,* 148 F.Supp 3d at 1362; "Sunday Ticket" Antitrust Litig., 148 F. Supp.3d at 1359.

Second, the Actions should be transferred to the docket of the Honorable Margo K. Brodie in the Eastern District of New York.  Chief Judge Brodie is uniquely qualified to handle the Actions because of her previous experience presiding over multidistrict litigation.  Specifically, Chief Judge Brodie has presided over a consolidated class action lawsuit involving infant formula, *Hasemann, et al. v. Gerber Products Co.,* 331 F.R.D. 239 (E.D.N.Y. 2019).

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiff Shelby Baker respectfully requests that this Honorable Panel enter an Order pursuant to 28 U.S.C. §1407 to transfer the Actions for coordinated or consolidated pretrial proceedings to the Eastern District of New York.

Dated:  April 13, 2021                                              Respectfully submitted,

                                                                                  By:   */s/ Alec M. Leslie*
                                                                                  Alec M. Leslie, Esq.
                                                                                  **BURSOR & FISHER, P.A.**
                                                                                  888 Seventh Avenue, Third Floor
                                                                                  New York, New York 10019
                                                                                  Tel: (646) 837-7150

Fax: (212) 989-9163
E-Mail: aleslie@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (CA Bar No. 191626)
Joel D. Smith (CA Bar No. 244902)
Blair E. Reed (CA Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com
         breed@bursor.com

*Counsel for Plaintiff Shelby Baker*